FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 SEP 26 P 12: 47
CLERK J.Burton
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-062 |
| | ) | |
| EDWARD JEROME NEWSOME | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has charged Defendant Edward Jerome Newsome with one count of Conspiracy to Distribute and to Possess with Intent to Distribute Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 846, and one count of Possession with Intent to Distribute Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). The matter is now before the Court on Defendant's "Motion to Suppress Drugs Seized at 2412 Mt. Auburn St., Augusta, GA on October 25, 2007." (Doc. no. 288). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion to suppress be **DENIED**.

I.   **FACTS**[1]

On October 23, 2007, Investigator Alonzo Bell ("Inv. Bell") with the Richmond County Sheriff's Office presented an affidavit for a search warrant for 2412 Mt. Auburn Street in Augusta, Georgia, to the Honorable Richard Slaby, State Court Judge. (Doc. no. 288, Ex. B). In that affidavit, Inv. Bell stated that a confidential source, who had not

---

[1]The facts are based on the filings in the record by Defendant and the government. As discussed in detail below, Defendant did not come forth with sufficient facts to warrant an evidentiary hearing.

provided any information in the past, told him that Defendant was in possession of cocaine. (Id. at 1). Inv. Bell went on to state that at his direction, the source had accomplished a controlled buy at Defendant's residence within the last eighteen hours before applying for the search warrant. (Id. at 1-2). Judge Slaby issued the search warrant, and the warrant was executed on October 25, 2007. (Id. at 4, 5). Officers recovered, *inter alia*, drugs, cash, weapons, and ammunition. (Id. at 5).

In its discovery package for this case, the government did not provide defense counsel with documentation for the controlled buy that was described in the October 23rd affidavit. (Doc. no. 288, p. 2). Because there was documentation provided about other controlled buys in this multi-defendant case, Defendant suggested that the lack of documentation about this particular buy "leads to the conclusion that this documentation does not exist" and "leads to the conclusion that the alleged controlled buy did not occur." (Id. at 3). As the controlled buy was "essential to the finding of probable cause to search 2412 [Mt.] Auburn Street," Defendant moved for suppression based on his conclusions concerning the controlled buy. (Id.). The government adamantly denied Defendant's conclusions in its response and offered to produce the documentation for the controlled buy for an *in camera* inspection by this Court. (Doc. no. 293, pp. 1-2). The Court then ordered the government to produce the documentation (doc. no. 335), and upon review of those documents, the Court entered an order stating that the controlled buy alleged in the October 23, 2007 search warrant had been sufficiently shown (doc. no. 337).[2]

---

[2] The documentation submitted for *in camera* review has been made a part of the record in this case as a sealed attachment to the Court's Order finding that the controlled buy had occurred. (See doc. no. 337).

2

## II. ANALYSIS

The entirety of Defendant's argument for suppression is based on the premise that the controlled buy alleged in the October 23, 2007 affidavit was manufactured because the government did not produce documentation for the buy in its discovery package. Thus, goes the argument, because the controlled buy was essential to the finding of probable cause for the search warrant, the items seized during the search of Defendant's residence should be suppressed. In essence, Defendant's motion to suppress amounts to a challenge to the validity of the affidavit offered in support of the application for the search, and therefore, Defendant must satisfy the dictates of Franks v. Delaware, 438 U.S. 154 (1978) to obtain an evidentiary hearing on the matter. He has not done so.

The Court starts with the recognition that the affidavit supporting a search warrant is presumed to be valid. Franks, 438 U.S. at 171. Nevertheless, in Franks, the Supreme Court held that facially valid search warrant affidavits may be challenged if: (1) the affidavit contains intentionally or recklessly false statements, and (2) the statements are material in the sense that they were necessary to the finding of probable cause. Id. at 171-72. Insignificant and immaterial omissions or misrepresentations will not invalidate a warrant. United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990); see also United States v. Steiger, 318 F.3d 1039, 1046 (11th Cir. 2003) ("To justify suppression of evidence seized under a warrant, the alleged deliberate or reckless failure to include material information in the affidavit must conceal information that would defeat probable cause."). To obtain a hearing to challenge alleged misrepresentations in a warrant application, a defendant must meet the following standard:

3

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id.

Here, Defendant falls woefully short of the required showing. The premise of the entire motion is based on the faulty conclusion that because the government failed to produce documentation about the controlled buy in its discovery package, the controlled buy had been fabricated by the officer applying for the warrant.[3] However, the record, as confirmed by the Court's *in camera* inspection of the government's documents, establishes that the controlled buy alleged in the October 23, 2007 affidavit did in fact occur.

Defendant's motion challenges the existence of probable cause for issuance of the warrant solely on the grounds that he believed the controlled buy did not occur. As the record establishes that the controlled buy occurred, there is no remaining challenge to the finding of probable cause to issue the search warrant. Accordingly, there is no basis for recommending suppression of evidence obtained as a result of the search of 2412 Mt. Auburn Street on October 25, 2007.

---

[3]The government points out that the documentation was not requested by Defendant. (Doc no. 293, p. 2)

4

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the "Motion to Suppress Drugs Seized at 2412 Mt. Auburn St., Augusta, GA on October 25, 2007" be **DENIED**.

SO REPORTED and RECOMMENDED this 26th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE